**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ANHTUAN H. PHAM, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:19-cv-00357 |
| DIAZ AND ASSOCIATES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES** Anhtuan H. Pham ("Plaintiff"), by and through his attorneys, Sulaiman

Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Diaz and Associates, Inc.

("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection

Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection

Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C.

§§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C.

§1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business

in the Southern District of Texas, Plaintiff resides in the Southern District of Texas, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

5.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6.   Defendant is a debt collection agency who purchases portfolios of charged-off consumer receivables. Defendant is in the business of collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Texas. Defendant operates and maintains its principal business at 17671 Irvine Blvd., Suite 212, Tustin, California 92780.

FACTS SUPPORTING CAUSES OF ACTION

7.   In March 2018, Plaintiff obtained a Payday loan in the approximate amount of $700.00 ("subject debt"). Plaintiff was making timely payments on the subject debt.

8.   After falling into financial hardship, Plaintiff could no longer afford making payments on the subject debt, which resulted in default.

9.   Subsequently thereafter, Defendant acquired the rights to collect or attempt to collect on the subject debt, while it was in default.

10. In December 2018, Defendant called Plaintiff's place of employment. Plaintiff's co-worker answered Defendant's call. In that call, Defendant disclosed personal and sensitive information about Plaintiff and the subject debt to Plaintiff's co-worker. Moreover, Defendant communicated to Plaintiff's co-worker, that if Plaintiff did not contact Defendant immediately, Defendant would take Plaintiff to court.

11. Plaintiff's co-worker immediately relayed the message to Plaintiff. Plaintiff became extremely embarrassed and humiliated once his co-worker relayed the message to him. Plaintiff immediately called Defendant in order to inquire about the message it left with Plaintiff's co-worker.

12. In that phone call, Defendant threatened to send an officer to serve Plaintiff court documents, which would summon him to court if he did not make an immediate payment on the subject debt.  Defendant also used other abusive and threatening language such as, "don't piss me off," "you don't want to piss me off." Defendant used such abusive and misleading conduct in order to scare and dragoon Plaintiff into making a payment on the subject debt.

13. Defendant communicated to Plaintiff that he owes $1,700.00 on the subject debt. Plaintiff informed Defendant that he could not afford that amount. Then, Defendant and Plaintiff settled on an amount of $900.00. The settlement structure was for Plaintiff to make an immediate payment of $100.00 and then two monthly payments of $200.00.

14. Plaintiff immediately paid the initial $100.00 under false pretenses, as he feared Defendant would take legal action against him.

15. A few days after Plaintiff made the initial payment to Defendant; Plaintiff called Defendant and asked if Defendant can alter the payment arrangement due to his uncertain financial situation. Defendant agreed to alter the payment plan, but explained to Plaintiff that he would have to start the payments all over and the initial $100.00 payment will not count towards the balance of the subject debt.

16. Defendant's conduct was abusive, misleading, and unconscionable.

17. Defendant's abusive conduct was used solely in order to scare, humiliate, and force Plaintiff into making a payment on the subject debt, which he ultimately made for $100.00.

18. Furthermore, at no time did Defendant send Plaintiff any correspondences notifying him of his rights pursuant to 15 U.S.C. § 1692g.

DAMAGES

19. Defendant's misleading and unconscionable conducts have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's conduct has caused Plaintiff actual harm, including but not limited to, invasion of privacy, humiliation, embarrassment, nuisance, emotional distress, mental anguish, anxiety, and loss of concentration.

21. Moreover, Defendant's conduct severely affected Plaintiff's work productivity.

22. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

23. Additionally, due to Defendant's false pretenses Plaintiff made a payment to Defendant in the amount of $100.00.

COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

28. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

31. Defendant violated 15 U.S.C. §§1692b(2), c(b), d, d(2), e, e(5), e(10), f, and g through its unlawful debt collection practices.

   **a.  Violations of FDCPA § 1692b**

32. Defendant violated §1692b(2) when it contacted a third-party and stated that Plaintiff owes the subject debt.

33.  Specifically, Defendant called Plaintiff's place of employment. Defendant spoke with Plaintiff's co-worker and disclosed that Plaintiff owes the subject debt. Defendant also communicated to Plaintiff's co-worker that if Plaintiff did not immediately contact Defendant, Defendant would take Plaintiff to court.

34. Defendant's conduct caused Plaintiff a great deal of embarrassment at his place of employment.

   **b.  Violations of  FDCPA § 1692c**

35. Defendant violated §1692c(b) by communicating with a prohibited third-party. Defendant disclosed sensitive and personal information about Plaintiff and the subject debt to Plaintiff's co-worker.

36. Defendant's prohibited communication to Plaintiff's co-worker was intentionally conducted in order to embarrass and dragoon Plaintiff into paying the subject debt.

### c.   Violations of  FDCPA § 1692d

37. Defendant violated §1692d and d(2) by using harassing, oppressive, and abusive conduct in connection to the collection of the subject debt.

38. Defendant used abusive language such as, "don't piss me off," or "you don't want to piss me off."

39. Defendant used such abusive language in order to scare Plaintiff into making a payment on the subject. Plaintiff made a payment to Defendant in the amount of $100.00 due to Defendant's harassing and abusive conduct.

### d.   Violations of  FDCPA § 1692e

40. Defendant violated §1692e, e(5), and e(10) by engaging in false, deceptive, and misleading conduct.

41. Defendant falsely threatened to send an officer to serve Plaintiff with a summons and Plaintiff would have to appear in court if he did not make an immediate payment on the subject debt. Defendant used this misleading tactic in order to scare Plaintiff into making a payment on the subject debt.

42. Defendant used this false representation in order to collect on the subject debt. Defendant intended to scare Plaintiff into making a payment on the subject debt. Defendant's false representation in connection to the subject debt caused Plaintiff to make a payment to Defendant in the amount of $100.00.

### e. Violations of FDCPA § 1692f

43. Defendant violated §1692f by unfairly and unconscionably attempting to collect on the subject debt.

44. Specifically, Defendant called Plaintiff's place of employment and communicated sensitive and personal information about Plaintiff and that Plaintiff owes the subject debt. Defendant intentionally used such unfair conduct in order to embarrass Plaintiff at his place of employment in order to induce him to make a payment on the subject debt.

45. Furthermore, Defendant unconscionably threatened to have an officer serve Plaintiff with documents that would summon him to court. Defendant used such an unfair tactic in order to scare Plaintiff into making a payment on the subject debt. Defendant's unfair conduct caused Plaintiff to make a payment on the subject debt due to the fear of Defendant taking legal actions against Plaintiff.

### f. Violations of FDCPA § 1692g

46. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

47. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ANHTUAN H. PHAM respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d.  Award any other relief as the Honorable Court deems just and proper.

<u>**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**</u>

48. Plaintiff restates and realleges paragraphs 1 through 47 as through fully set forth herein.

49. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

50. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

51. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

    **a.  Violations of  TDCA § 391.301**

52. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.301(6), states that, "in debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ……..threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law."

53. Defendant violated § 392.301(6) by deceitfully threatening to send an officer to serve Plaintiff with documents which would summon him to court. Defendant used such false threats in order to scare and dragoon Plaintiff into making a payment on the subject debt.

### b.  Violations of  TDCA § 391.302

54. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), states that, "in debt collection, a debt collector may not oppress, harass, or abuse a person by using profane or obscene language intended to abuse unreasonably the hearer or reader."

55. Defendant violated § 392.302(1) by using profane and obscene language towards Plaintiff in connection to the subject debt. Defendant used such obscene and threating language such as, "don't piss me off," and "you don't want to piss me off." Defendant used such obscene language in order to scare Plaintiff into making a payment on the subject debt. Plaintiff ultimately made a payment of $100.00 due to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff ANHTUAN H. PHAM respectfully requests that this Honorable Court:

   a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

   c.  Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

   d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

   f.  Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 1, 2019                    Respectfully Submitted,


                                           /s/ Alexander J. Taylor
                                           /s/ Marwan R. Daher
                                           /s/ Omar T. Sulaiman
                                           Alexander J. Taylor, Esq.
                                           Marwan R. Daher, Esq.
                                           Omar T. Sulaiman, Esq.
                                           *Counsel for Plaintiff*
                                           Sulaiman Law Group, Ltd
                                           2500 S Highland Ave, Suite 200
                                           Lombard, IL 60148
                                           Telephone: (630) 575-8181
                                           ataylor@sulaimanlaw.com
                                           mdaher@sulaimanlaw.com
                                           osulaiman@sulaimanlaw.com